UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| JUALEIA HALLEY, Individually and on behalf of all others similarly situated | § § § § | Civil Action No. _____ |
| Plaintiff, | § § | |
| v. | § § | JURY TRIAL DEMANDED |
| WAITR HOLDINGS, INC. F/K/A LANDCADIA HOLDINGS, INC. and WAITR INCORPORATED, | § § § § § | COLLECTIVE ACTION PURSUANT TO 29 U.S.C. § 216(b) |
| Defendants. | § | |

**PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Plaintiff Jualeia Halley brings this action individually and on behalf of all current and former non-exempt delivery drivers (hereinafter "Plaintiff and the Putative Class Members") who worked for Waitr Incorporated and/or Waitr Holdings, Inc. f/k/a Landcadia Holdings, Inc. (collectively "Defendants" or "Waitr"), at any time from three years preceding the filing of this Original Complaint through the final disposition of this matter, to recover compensation, liquidated damages, and attorneys' fees and costs pursuant to the provisions of Sections 206, 207 and 216(b) of the Fair Labor Standards Act of 1938, as amended 29 U.S.C. § 216(b).

## I.
## OVERVIEW

1. This is a collective action to recover unpaid minimum wage brought pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19.

2. Plaintiff and the Putative Class Members are those persons who are current and former delivery drivers who worked for Waitr throughout the United States at any time during their relevant

statutes of limitations through the final disposition of this matter and have not been paid minimum wage in violation of federal law.

3. Waitr failed to reimburse its delivery drivers for the reasonable expenses of the business use of their personal vehicles in performing deliveries for Waitr, such that Plaintiff and the Putative Class Members' unreimbursed expenses caused their wages to fall below the federal minimum wage during some or all workweeks.

4. The decision by Waitr not to reimburse Plaintiff and the Putative Class Members for their reasonable expenses of the business use of their personal vehicles was neither reasonable nor in good faith.

5. Waitr knowingly and deliberately failed to reimburse Plaintiff and the Putative Class Members for their reasonable expenses of the business use of their personal vehicles.

6. Plaintiff and the Putative Class Members therefore seek to recover all unpaid minimum wage and other damages owed under the FLSA as a collective action pursuant to 29 U.S.C. § 216(b).

7. Plaintiff Halley also prays that all similarly situated workers (Putative Class Members) be notified of the pendency of this action to apprise them of their rights and provide them an opportunity to opt-in to this lawsuit.

## II.
## THE PARTIES

8. Plaintiff Jualeia Halley ("Halley") was employed by Waitr during the relevant time period. Plaintiff Halley did not receive minimum wage for all hours worked each week.[1]

9. The Putative Class Members are those current and former employees who were employed by Waitr anywhere in the United States at any time from January 17, 2016 through the final

---

[1] The written consent of Jualeia Halley is attached hereto as Exhibit "A."

*Plaintiff's Original Collective Action Complaint*

disposition of this matter, and have been subjected to the same illegal pay system under which Plaintiff Halley worked and was paid.

10. Defendant Waitr Holdings, Inc. f/k/a Landcadia Holdings, Inc. is a foreign for-profit Corporation, licensed to and doing business in the State of Texas, and an employer as defined by 29 U.S.C. § 203(d). It may be served with process through its registered agent for service of process: **Steven L. Scheinthal, 1510 West Loop South, Houston, TX 77027.**

11. Defendant Waitr Incorporated was a foreign for-profit corporation and an employer as defined by 29 U.S.C. § 203(d). Waitr Incorporated is not registered with the Texas Secretary of State, and may be served through the Texas Secretary of State pursuant to the Texas Long Arm Statute. Plaintiff therefore requests that the Texas Secretary of State serve Waitr Incorporated at its principle office located at **1100 Bertrand Drive, Suite B, Lafayette LA 70506**.

### III.
### JURISDICTION & VENUE

12. This Court has federal question jurisdiction over this case pursuant to 28 U.S.C. § 1331 as this is an action arising under 29 U.S.C. §§ 201–19.

13. This Court has personal jurisdiction over Waitr because Waitr maintains its principal office in Houston, Texas and/or conducts systematic and continuous business activities within the forum state.

14. Venue is proper in the Southern District of Texas because this is a judicial district where a substantial part of the events or omissions giving rise to the claim occurred.

15. Specifically, Waitr maintains its principal office and headquarters in Houston, Texas, which is located in this District and Division.

16. Venue is therefore proper in this Court pursuant to 28 U.S.C. § 1391.

# IV.
# FACTS

17. Waitr Incorporated was acquired by Defendant Landcadia Holdings, Inc. on November 15, 2018. Defendant Landcadia Holdings, Inc. is now known as Waitr Holdings, Inc. ("Waitr").[2]

18. Waitr is a food delivery service that allows its patrons to utilize a mobile or desktop app to order food and have it delivered from participating restaurants.

19. Waitr operates in Alabama, Arkansas, Florida, Georgia, Louisiana, Mississippi, South Carolina, Tennessee, and Texas.[3]

20. Plaintiff Halley worked for Waitr as a driver from approximately April 2017 to July 2017.

21. Plaintiff Halley and the Putative Class Members are (and were) non-exempt delivery drivers employed by Waitr who received a fixed hourly wage at a rate of $5.00 per hour, not including gratuities received from Waitr's patrons.

22. Plaintiff Halley and the Putative Class Members incurred (and continue to incur) costs for gasoline, vehicle parts and fluids, repair and maintenance services, insurance, depreciation, and other expenses ("automobile expenses") while delivering food items for the primary benefit of Waitr.

23. Waitr does not reimburse its delivery drivers—Plaintiff and the Putative Class Members—for their automobile expenses.

24. This reimbursement policy applies to all of Waitr's delivery drivers throughout the United States.

---

[2] http://investors.waitrapp.com/investor-resources/investor-faq.

[3] https://waitrapp.com/cities

*Plaintiff's Original Collective Action Complaint*

25. During the applicable FLSA limitations period, the IRS standard business mileage reimbursement rate has ranged between $.545 and $.575 per mile.[4]

26. Plaintiff Halley drove, on average, approximately 469 miles each week.

27. Using the lowest IRS rate in effect during the period of Plaintiff Halley's employment as a reasonable approximation of Plaintiff's automobile expenses, every mile driven on the job decreased Plaintiff Halley's net wages by approximately $.55 per mile.

28. Considering Plaintiff Halley's estimate of 469 miles driven each week, Waitr underpaid Plaintiff Halley approximately $257.95 per week ($.55 x 469 average weekly miles).

29. Waitr's systematic failure to adequately reimburse automobile expenses constitutes a "kickback" to Waitr such that the hourly wages they pay to Plaintiff Halley and the Putative Class Members was and continues to be below the minimum wage. *See* 29 C.F.R. 531.35.

30. Because Waitr did not adequately reimburse Plaintiff and the Putative Class members for their business expenses, Waitr's pay policies and practices violated (and continue to violate) the FLSA.

## V.
## CAUSE OF ACTION
### (Collective Action Alleging FLSA Violations)

**A. FLSA COVERAGE**

31. All previous paragraphs are incorporated as though fully set forth herein.

32. The FLSA Collective is defined as:

**ALL CURRENT AND FORMER DELIVERY DRIVERS WHO WERE EMPLOYED BY WAITR INCORPORATED AND/OR WAITR HOLDINGS, INC. F/K/A LANDCADIA HOLDINGS, INC. ANYWHERE IN THE UNITED STATES, AT ANY TIME FROM JANUARY 17, 2016 THROUGH THE FINAL DISPOSITION OF THIS MATTER. ("FLSA Collective" or "FLSA Collective Members").**

---

[4] https://www.irs.gov/tax-professionals/standard-mileage-rates.

*Plaintiff's Original Collective Action Complaint*

33. At all times hereinafter mentioned, Waitr has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

34. At all times hereinafter mentioned, Waitr has been an enterprise within the meaning of Section 3(r) of the FLSA, 29 U.S.C. § 203(r).

35. At all times hereinafter mentioned, Waitr has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that said enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person, or in any closely related process or occupation directly essential to the production thereof, and in that that enterprise has had, and has, an annual gross volume of sales made or business done of not less than $500,000.00 (exclusive of excise taxes at the retail level which are separately stated).

36. During the respective periods of Plaintiff and the FLSA Collective Members' employment by Waitr, these individuals have provided services for Waitr that involved interstate commerce for purposes of the FLSA.

37. In performing the operations hereinabove described, Plaintiff and the FLSA Collective Members have been engaged in commerce or in the production of goods for commerce within the meaning of §§ 203(b), 203(i), 203(j), 206(a), and 207(a) of the FLSA. 29 U.S.C. §§ 203(b), 203(i), 203(j), 206(a), 207(a).

38. Specifically, Plaintiff and the Putative Class Members were engaged in performing delivery-related job duties associated with working in the restaurant and service industry. 29 U.S.C. § 203(j).

39. At all times hereinafter mentioned, Plaintiff and the FLSA Collective Members have been individual employees who were engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206–07.

40. The proposed class of similarly situated employees, i.e. putative class members, sought to be certified pursuant to 29 U.S.C. § 216(b), is defined in Paragraph 32.

41. The precise size and identity of the proposed class should be ascertainable from the business records, tax records, and/or employee and personnel records of Waitr.

**B.      FAILURE TO PAY WAGES UNDER THE FAIR LABOR STANDARDS ACT**

42. Waitr has violated provisions of Sections 6, 7 and 15 of the FLSA, 29 U.S.C. §§ 206, 207 and 215(a)(2), by employing individuals in an enterprise engaged in commerce or in the production of goods for commerce within the meaning of the FLSA and paying a wage below the minimum wage.

43. Moreover, Waitr knowingly, willfully, and with reckless disregard carried out its illegal pattern of failing to pay Plaintiff and other similarly situated employees minimum wage for all hours worked. 29 U.S.C. § 255(a).

44. Waitr knew or should have known its pay practices were in violation of the FLSA.

45. Waitr is a sophisticated party and employer, and therefore knew (or should have known) its pay policies were in violation of the FLSA.

46. Plaintiff and the FLSA Collective Members, on the other hand, are (and were) unsophisticated employees who trusted Waitr to pay them according to the law.

47. The decision and practice by Waitr not to pay minimum wage for Plaintiff and the Putative Class Members' hours worked as delivery drivers was neither reasonable nor in good faith.

48. Accordingly, Plaintiff and the Putative Class Members are entitled to minimum wage for all hours worked as delivery drivers pursuant to the FLSA, plus liquidated damages, attorneys' fees and costs.

## C. COLLECTIVE ACTION ALLEGATIONS

49. All previous paragraphs are incorporated as though fully set forth herein.

50. Pursuant to 29 U.S.C. § 216(b), this is a collective action filed on behalf of all of Waitr's delivery drivers throughout the United States who have been similarly situated to Plaintiff with regard to the work they performed and the manner in which they were paid.

51. Other similarly situated deliver drivers of Waitr have been victimized by Waitr's patterns, practices, and policies, which are in willful violation of the FLSA.

52. The FLSA Collective Members are defined in Paragraph 32.

53. Waitr's failure to pay Plaintiff and the FLSA Collective Members minimum wage results from generally applicable policies and practices of Waitr, and does not depend on the personal circumstances of Plaintiff or the FLSA Collective Members.

54. Thus, Plaintiff's experiences are typical of the experiences of the FLSA Collective Members.

55. All of the FLSA Collective Members—regardless of their specific job titles, precise job requirements, rates of pay, or job locations—are entitled to be paid minimum wage all hours worked.

56. Although the issues of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

57. Absent a collective action, many members of the proposed FLSA collective likely will not obtain redress of their injuries and Waitr will retain the proceeds of its violations.

58. Moreover, individual litigation would be unduly burdensome to the judicial system. Concentrating the litigation in one forum will promote judicial economy and parity among the claims of the individual members of the classes and provide for judicial consistency.

59. Accordingly, the FLSA collective of similarly situated plaintiffs should be certified as defined as in Paragraph 32 and notice should be promptly sent.

# VI.
# RELIEF SOUGHT

60. Plaintiff respectfully prays for judgment against Waitr as follows:

   a. For an Order recognizing this proceeding as a collective action pursuant to Section 216(b) of the FLSA and requiring Waitr to provide the names, addresses, e-mail addresses, telephone numbers, and social security numbers of all putative collective action members;

   b. For an Order approving the form and content of a notice to be sent to all FLSA Collective Members advising them of the pendency of this litigation and of their rights with respect thereto;

   c. For an Order pursuant to Section 16(b) of the FLSA finding Waitr liable for unpaid back wages due to Plaintiff (and those FLSA Collective Members who have joined in the suit), and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those FLSA Collective Members who have joined in the suit);

   d. For an Order awarding the costs and expenses of this action;

   e. For an Order awarding attorneys' fees;

   f. For an Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law;

   g. For an Order awarding Plaintiff Halley a service award as permitted by law;

   h. For an Order compelling the accounting of the books and records of Waitr, at Waitr's expense; and

   i. For an Order granting such other and further relief as may be necessary and appropriate.

Date: January 17, 2019　　　　　　　　　Respectfully submitted,

**ANDERSON ALEXANDER, PLLC**

By:　/s/ *Clif Alexander*
　　**Clif Alexander**
　　Federal I.D. No. 1138436
　　Texas Bar No. 24064805
　　clif@a2xlaw.com
　　**Austin W. Anderson**
　　Federal I.D. No. 777114
　　Texas Bar No. 24045189
　　austin@a2xlaw.com
　　**Lauren E. Braddy**
　　Federal I.D. No. 1122168
　　Texas Bar No. 24071993
　　lauren@a2xlaw.com
　　**Alan Clifton Gordon**
　　Federal I.D. No. 19259
　　Texas Bar No. 00793838
　　cgordon@a2xlaw.com
　　**Carter T. Hastings**
　　Federal I.D. No. 3101064
　　Texas Bar No. 24101879
　　carter@a2xlaw.com
　　**George Schimmel**
　　Federal I.D. No. 2338068
　　Texas Bar No. 24033039
　　geordie@a2xlaw.com
　　819 N. Upper Broadway
　　Corpus Christi, Texas 78401
　　Telephone: (361) 452-1279
　　Facsimile: (361) 452-1284

　　***Attorneys for Plaintiff and the Putative Class Members***

*Plaintiff's Original Collective Action Complaint*